JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 14-1666 AG (DFMx) | Date | October 23, 2014 |
|---|---|---|---|
| Title | POOLRX WORLDWIDE, INC. v. BLUERAY XL, LLC., et al. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:** [IN CHAMBERS] ORDER REMANDING CASE

Plaintiff PoolRx Worldwide, Inc. ("Plaintiff") filed this action under California's Unfair Competition Laws against Defendant Blueray XL, LLC ("Defendant") in Orange Country Superior Court. Plaintiff alleges that Defendant sells and distributes algaecide without complying with federal and state regulations. Defendant removed the action to this Court. Because the Court lacks subject matter jurisdiction, the case is REMANDED.

**LEGAL STANDARD**

Under 28 U.S.C. § 1331, federal courts have original jurisdiction over civil actions "arising under federal law." Suits filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). To protect the jurisdiction of state courts, removal jurisdiction should be strictly construed in favor of remand. *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)). Whether an action is properly in federal court on the basis of removal jurisdiction "depends on whether the case originally could have been filed in federal court." *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 163 (1997).

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-1666 AG (DFMx) | Date | October 23, 2014 |
|---|---|---|---|
| Title | POOLRX WORLDWIDE, INC. v. BLUERAY XL, LLC., et al. | | |

Under the "well-pleaded complaint rule, . . . federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 813 (1986). A "federal issue" is not "a password opening federal courts to any state action embracing a point of federal law." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). Rather, "the question is, does [the] state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable*, 545 U.S. at 314.

**ANALYSIS**

Plaintiff brings its claim under California's Unfair Competition Laws, alleging that it has been harmed because "[Defendant] has not registered [its] Mineral Clarifier [algaecide] with the EPA" as required by FIFRA. (Complaint ¶¶ 15-16.) Defendants argue that Plaintiff's claim raises the federal question of whether Defendant's product is indeed a pesticide subject to FIFRA. (Notice of Removal, ¶ 6.) But the mere existence of this issue does not confer jurisdiction under § 1331. *See Merrell Dow*, 478 U.S. at 813.

Congress's decision not to establish a private right of action under FIFRA weighs against jurisdiction. FIFRA is a federal regulatory statute governing the marketing, distribution, sale, and use of pesticides. "Although FIFRA makes it unlawful for any person to distribute or sell a misbranded pesticide, *see* 7 U.S.C. § 136j(a)(1)(E), actions to enforce provisions of FIFRA may only be brought by certain federal and state governmental agencies." *G & M Farms, Inc. v. Britz-Simplot Grower Solutions, LLC*, 2013 WL 2360896, at *3 (E.D. Cal. May 29, 2013) citing *No Spray Coalition, Inc. v. City of New York*, 351 F.3d 602 (2d Cir.2003); *see also Fiedler v. Clark*, 714 F.2d 77, 79 (9th Cir.1983) ("The legislative history confirms that Congress did not intend to create a private right of action under FIFRA. Congress considered and explicitly rejected amendments that would have authorized citizen suits." (citations omitted)). The lack of a private enforcement right is evidence that federal jurisdiction over this type of case, which embeds the federal regulations in a state cause of action, would be inconsistent with

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-1666 AG (DFMx) | Date | October 23, 2014 |
|---|---|---|---|
| Title | POOLRX WORLDWIDE, INC. v. BLUERAY XL, LLC., et al. | | |

Congress's envisioned balance of federal and state responsibilities. *See Grable*, 545 U.S. at 314–15.

Furthermore, to support federal question jurisdiction, a state law claim must raise a "substantial" federal issue. *See id.*, (finding federal question jurisdiction over a state law quiet title claim in part because "[w]hether Grable was given notice within the meaning of the federal statute is ... an essential element of its quiet title claim, and the meaning of the federal statute is actually in dispute"). While Blueray argues that PoolRx's claims depend on FIFRA, this is not enough to support federal question jurisdiction. That a federal regulation underpins PoolRx's claim does not mean that the federal issues are substantial. Unlike in *Grable*, Blueray has not pointed to any dispute as to the meaning of FIFRA, or to any complex question of law under the statute. Having failed to identify a substantial disputed issue of federal law, Blueray has not met its burden of showing that PoolRx's claims support jurisdiction under *Grable*.

Given Congress's decision to omit a private right of action under FIFRA and Defendant's failure to otherwise identify a substantial federal issue in this case, the Court cannot find the jurisdictional test stated in *Grable* to be satisfied. Therefore, the Court does not have subject matter jurisdiction under 28 U.S.C. § 1331.

**DISPOSITION**

The Court REMANDS the case to state court.

: 0

Initials of Preparer  lmb